KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:     (415) 512-4077

LAURA D. SMOLOWE (State Bar No. 263012)
laura.smolowe@mto.com
SIDNEY MOSKOWITZ (State Bar No. 349400)
sidney.moskowitz@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TYRONE HAZEL, ROXANE EVANS, VALERIE TORRES, and RHONDA HYMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PRUDENTIAL FINANCIAL, INC. and ACTIVEPROSPECT, INC.,<br><br>Defendants. | Case No. 3:22-cv-07465-CRB<br><br>**DEFENDANT PRUDENTIAL FINANCIAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Charles R. Breyer<br><br>**DEMAND FOR JURY TRIAL** |

# ANSWER

Defendant PRUDENTIAL FINANCIAL, INC.' ("Prudential") hereby answers the First Amended Complaint ("FAC") of Plaintiffs TYRONE HAZEL, ROXANE EVANS, VALERIE TORRES, and RHONDA HYMAN (collectively, "Plaintiffs") as follows:

1. Prudential admits that it offers consumers life insurance quotes, and that one method by which consumers may obtain a life insurance quote from Prudential is by filling out a webform on term.prudential.com.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 1 of the FAC.

2. Prudential admits that ActiveProspect sells software and that Prudential can use ActiveProspect's software by adding the ActiveProspect JavaScript into the source code of term.prudential.com.  Prudential lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis denies the remaining allegations of Paragraph 2 of the FAC.

3. Prudential admits that it uses ActiveProspect's TrustedForm software on term.prudential.com. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 3 of the FAC.

4. The allegations of Paragraph 4 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 4 of the FAC.

5. The allegations of Paragraph 5 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 5 of the FAC.

6. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 6 of the FAC regarding Plaintiffs' actions or intentions and on that basis denies those allegations.  The remaining allegations of Paragraph 6 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies those allegations.

7. The allegations of Paragraph 7 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 7 of the FAC.

8. The allegations of Paragraph 8 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 8 of the FAC.

9. The allegations of Paragraph 9 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 9 of the FAC.

10. The allegations of Paragraph 10 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 10 of the FAC.

11. The allegations of Paragraph 11 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 11 of the FAC.

12. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 12 of the FAC and on that basis denies the allegations.

13. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 13 of the FAC and on that basis denies the allegations.

14. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 14 of the FAC and on that basis denies the allegations.

15. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 15 of the FAC and on that basis denies the allegations.

16. Prudential admits the allegations of Paragraph 16 of the FAC.

17. Prudential admits the allegations of Paragraph 17 of the FAC.

18. Prudential admits the allegations of Paragraph 18 of the FAC.

19. Prudential admits the allegations of Paragraph 19 of the FAC.

20. Prudential admits the allegations of Paragraph 20 of the FAC on information and belief.

21. Prudential admits that ActiveProspect provides a software product called "TrustedForm." Except as specifically admitted herein, Prudential lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis denies the remaining allegations of Paragraph 21 of the FAC.

22. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 22 of the FAC and on that basis denies the allegations.

23. To the extent the allegations in Paragraph 23 purport to describe or quote an ActiveProspect patent, Prudential asserts that the patent is the best evidence of its contents. Prudential denies the allegations to the extent they do not accurately represent ActiveProspect's patent. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 23 of the FAC.

24. Prudential admits that ActiveProspect provides a software product called TrustedForm, and that TrustedForm is a lead certification product that helps businesses comply with regulations like the Telephone Consumer Protection Act ("TCPA") by documenting consumer consent. To the extent the allegations in Paragraph 24 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 24 of the FAC.

25. To the extent the allegations in Paragraph 25 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 25 of the FAC.

26. To the extent the allegations in Paragraph 26 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best

evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Prudential lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis denies the remaining allegations of Paragraph 26 of the FAC.

27. To the extent the allegations in Paragraph 27 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Prudential lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis denies the remaining allegations of Paragraph 27 of the FAC.

28. Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and on that basis denies the allegations of Paragraph 28 of the FAC.

29. Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and on that basis denies the allegations of Paragraph 29 of the FAC.

30. To the extent the allegations in Paragraph 30 purport to describe or quote an ActiveProspect patent, Prudential asserts that the patent is the best evidence of its contents. Prudential denies the allegations to the extent they do not accurately represent ActiveProspect's patent.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 30 of the FAC.

31. To the extent the allegations in Paragraph 31 purport to describe or quote an ActiveProspect patent, Prudential asserts that the patent is the best evidence of its contents. Prudential denies the allegations to the extent they do not accurately represent ActiveProspect's patent.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 31 of the FAC.

32. Prudential admits that Paragraph 32 of the FAC includes quotations from a webpage at freedom-to-tinker.com, and that the webpage is the best evidence of its contents.  The

remaining allegations of Paragraph 32 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential is without knowledge or information as to the truth of the allegations of Paragraph 32 of the FAC and on that basis denies the allegations.

33. Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and on that basis denies the allegations of Paragraph 33 of the FAC.

34. To the extent the allegations in Paragraph 34 purport to quote a webpage, Prudential asserts that that webpage is the best evidence of its content. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Prudential is without knowledge or information regarding the remaining allegations of Paragraph 34 of the FAC and on that basis denies those allegations.

35. Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and on that basis denies the allegations of Paragraph 35 of the FAC.

36. Prudential admits that it uses ActiveProspect's TrustedForm software on term.prudential.com. Prudential is without knowledge or information as to the truth of the remaining allegations in Paragraph 36, and on that basis denies the allegations.

37. The allegations of Paragraph 37 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 37 of the FAC.

38. Prudential admits that it provides life insurance, retirement, mutual fund, annuities, and investment management services. To the extent the allegations in Paragraph 38 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 38 of the FAC.

39. To the extent the allegations in Paragraph 39 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 39 of the FAC.

40. Prudential admits that it uses ActiveProspect's TrustedForm software on term.prudential.com. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 40 of the FAC.

41. Prudential admits that it uses ActiveProspect's TrustedForm software on term.prudential.com. To the extent the allegations in Paragraph 41 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 41 of the FAC.

42. The allegations of Paragraph 42 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential is without knowledge or information as to the truth of the allegations in Paragraph 42 of the FAC, and on that basis denies the allegations.

43. The allegations of Paragraph 43 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. Additionally, to the extent the allegations in Paragraph 43 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 43 of the FAC.

44. To the extent the allegations in Paragraph 44 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately

represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 44 of the FAC.

45. The allegations of Paragraph 45 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. Additionally, to the extent the allegations in Paragraph 45 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 45 of the FAC.

46. The allegations of Paragraph 46 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. Additionally, to the extent the allegations in Paragraph 46 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 46 of the FAC.

47. The allegations of Paragraph 47 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. Additionally, to the extent the allegations in Paragraph 47 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 47 of the FAC.

48. The allegations of Paragraph 48 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 48 of the FAC.

49. The allegations of Paragraph 49 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 49 of the FAC.

50. Prudential admits that in December 2022 Prudential added a pop-up disclosure to its website, and that the pop-up disclosure currently states, "Pru Branded Path is powered by Assurance IQ. By using this website, you consent to the real-time collection, storage, use, and share of information on your device, or provided by you (such as mouse movements and clicks) for Assurance IQ, LLC and/or its third-party providers. See our Privacy Center for more information." To the extent the allegations in Paragraph 50 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 50 of the FAC.

51. The allegations of Paragraph 51 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 51 of the FAC.

52. The allegations of Paragraph 52 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 52 of the FAC.

53. Prudential admits that it uses ActiveProspect's TrustedForm software on term.prudential.com. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 53 of the FAC.

54. The allegations of Paragraph 54 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 54 of the FAC.

55. The allegations of Paragraph 55 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 55 of the FAC.

56. Prudential admits that Paragraph 56 of the FAC purports to summarize the findings of multiple studies, and that the studies are the best evidence of their contents. The remaining allegations of Paragraph 56 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential is without knowledge or information as to the truth of the allegations of Paragraph 56 of the FAC and on that basis denies the allegations.

57. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 57 of the FAC and on that basis denies the allegations.

58. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 58 of the FAC and on that basis denies the allegations.

59. The allegations of Paragraph 59 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 59 of the FAC.

60. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 60 of the FAC and on that basis denies the allegations.

61. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 61 of the FAC and on that basis denies the allegations.

62. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 62 of the FAC and on that basis denies the allegations.

63. The allegations of Paragraph 63 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 63 of the FAC.

64. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 64 of the FAC and on that basis denies the allegations.

65. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 65 of the FAC and on that basis denies the allegations.

66. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 66 of the FAC and on that basis denies the allegations.

67. The allegations of Paragraph 67 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 67 of the FAC.

68. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 68 of the FAC and on that basis denies the allegations.

69. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 69 of the FAC and on that basis denies the allegations.

70. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 70 of the FAC and on that basis denies the allegations.

71. The allegations of Paragraph 71 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 71 of the FAC.

72. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 72 of the FAC and on that basis denies the allegations.

73. Prudential is without knowledge or information as to the truth of the allegations of Paragraph 73 of the FAC and on that basis denies the allegations.

74. The allegations of Paragraph 74 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 74 of the FAC.

75. The allegations of Paragraph 75 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 75 of the FAC.

76. The allegations of Paragraph 76 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 76 of the FAC.

77. The allegations of Paragraph 77 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 77 of the FAC.

78. The allegations of Paragraph 78 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 78 of the FAC.

79. To the extent the allegations in Paragraph 79 purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 79 of the FAC.

80. Prudential is without knowledge or information as to the truth of the allegations of the first sentence of Paragraph 80 of the FAC and on that basis denies the allegations. To the extent the remaining allegations in Paragraph 80 of the FAC purport to describe or quote one or more documents or webpages, Prudential asserts that those documents or webpages are the best evidence of their contents. Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 80.

81. The allegations of Paragraph 81 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 81 of the FAC.

82. The allegations of Paragraph 82 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 82 of the FAC.

83. The allegations of Paragraph 83 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 83 of the FAC.

84. The allegations of Paragraph 84 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 84 of the FAC.

85. The allegations of Paragraph 85 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 85 of the FAC.

86. The allegations of Paragraph 86 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 86 of the FAC.

87. The allegations of Paragraph 87 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 87 of the FAC.

88. The allegations of Paragraph 88 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 88 of the FAC.

## COUNT I
### Violation of the California Invasion of Privacy Act ("CIPA")
### Cal. Penal Code § 631

89. Paragraph 89 is a mere reiteration of past allegations to which no response is required.  To the extent a response may be required, Prudential incorporates its earlier responses to the foregoing paragraphs.

90. The allegations of Paragraph 90 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 90 of the FAC.

91. The allegations of Paragraph 91 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 91 of the FAC.

92. The allegations of Paragraph 92 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 92 of the FAC.

93. The allegations of Paragraph 93 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 93 of the FAC.

94. The allegations of Paragraph 94 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 94 of the FAC.

95. The allegations of Paragraph 95 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 95 of the FAC.

96. The allegations of Paragraph 96 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 96 of the FAC.

97. The allegations of Paragraph 97 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 97 of the FAC.

98. The allegations of Paragraph 98 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 98 of the FAC.

99. The allegations of Paragraph 99 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 99 of the FAC.

**COUNT II**
**Violation of California Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code § 17200 *et seq*.**

100. Paragraph 100 is a mere reiteration of past allegations to which no response is required. To the extent a response may be required, Prudential incorporates its earlier responses to the foregoing paragraphs.

1   101.   This claim has been dismissed, Dkt. 29 at 10, and therefore no response is required
2 to the allegations of Paragraph 101 of the FAC.  To the extent a response may be required,
3 Prudential denies the allegations of Paragraph 101 of the FAC.

4   102.   This claim has been dismissed, Dkt. 29 at 10, and therefore no response is required
5 to the allegations of Paragraph 102 of the FAC.  To the extent a response may be required,
6 Prudential denies the allegations of Paragraph 102 of the FAC.

7   103.   This claim has been dismissed, Dkt. 29 at 10, and therefore no response is required
8 to the allegations of Paragraph 103 of the FAC.  To the extent a response may be required,
9 Prudential denies the allegations of Paragraph 103 of the FAC.

**Unlawful Conduct**

11   104.   This claim has been dismissed, Dkt. 29 at 10, and therefore no response is required
12 to the allegations of Paragraph 104 of the FAC.  To the extent a response may be required,
13 Prudential denies the allegations of Paragraph 104 of the FAC.

**Unfair Conduct**

15   105.   This claim has been dismissed, Dkt. 29 at 10, and therefore no response is required
16 to the allegations of Paragraph 105 of the FAC.  To the extent a response may be required,
17 Prudential denies the allegations of Paragraph 105 of the FAC.

18   106.   This claim has been dismissed, Dkt. 29 at 10, and therefore no response is required
19 to the allegations of Paragraph 106 of the FAC.  To the extent a response may be required,
20 Prudential denies the allegations of Paragraph 106 of the FAC.

21   107.   This claim has been dismissed, Dkt. 29 at 10, and therefore no response is required
22 to the allegations of Paragraph 107 of the FAC.  To the extent a response may be required,
23 Prudential denies the allegations of Paragraph 107 of the FAC.

24   108.   This claim has been dismissed, Dkt. 29 at 10, and therefore no response is required
25 to the allegations of Paragraph 108 of the FAC.  To the extent a response may be required,
26 Prudential denies the allegations of Paragraph 108 of the FAC.

109. This claim has been dismissed, Dkt. 29 at 10, and therefore no response is required to the allegations of Paragraph 109 of the FAC. To the extent a response may be required, Prudential denies the allegations of Paragraph 109 of the FAC.

## COUNT III
### Invasion of Privacy California Constitution, Art. 1, § 1

110. Paragraph 110 is a mere reiteration of past allegations to which no response is required. To the extent a response may be required, Prudential incorporates its earlier responses to the foregoing paragraphs.

111. The allegations of Paragraph 111 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 111 of the FAC.

112. The allegations of Paragraph 112 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 112 of the FAC.

113. The allegations of Paragraph 113 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 113 of the FAC.

114. The allegations of Paragraph 114 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 114 of the FAC.

115. The allegations of Paragraph 115 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 115 of the FAC.

116. The allegations of Paragraph 116 of the FAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 116 of the FAC.

117. The allegations of Paragraph 117 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 117 of the FAC.

118. The allegations of Paragraph 118 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 118 of the FAC.

119. The allegations of Paragraph 119 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 119 of the FAC.

120. The allegations of Paragraph 120 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 120 of the FAC.

121. The allegations of Paragraph 121 of the FAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 121 of the FAC.

## AFFIRMATIVE DEFENSES

Prudential asserts the following affirmative defenses. By enumerating the subjects below as affirmative defenses, Prudential does not concede that any such matter is an affirmative defense, as opposed to an element of Plaintiffs' claim as to which it bears the burden of proof. Prudential does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended to or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE
### (STANDING/LACK OF INJURY)

Plaintiffs lack standing because they did not suffer any concrete injury and they did not suffer any of the injuries alleged in the Amended Complaint. Plaintiffs do not and cannot allege any invasion of privacy rights or any wrongful disclosure. Plaintiffs lack standing to bring claims pursuant to California Penal Code sections 631 because they consented to the alleged activities.

### SECOND AFFIRMATIVE DEFENSE
### (CONSENT, RATIFICATION)

Plaintiffs consented and/or ratified the alleged activities by assenting to Prudential's privacy notice.

### THIRD AFFIRMATIVE DEFENSE
### (ACTS OF THIRD PARTIES)

Damages or injuries suffered by Plaintiffs, if any, are attributable to the conduct, deeds, words, acts and/or omissions of third parties, and not Prudential.

### FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiffs failed to mitigate their damages, if any damages exist, which results in a reduction of damages by the amounts by which Plaintiffs could have mitigated damages but did not do so.

### FIFTH AFFIRMATIVE DEFENSE
### (LACHES)

Plaintiffs' claims for relief are barred by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (WAIVER)

Plaintiffs' claims for relief are barred by the equitable doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Plaintiffs' claims for relief are barred by the equitable doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
### (ACQUIESCENCE)

Plaintiffs' claims for relief are barred by the equitable doctrine of acquiescence.

### NINTH AFFIRMATIVE DEFENSE
### (PENALTIES UNJUST, ARBITRARY AND OPPRESSIVE, OR CONFISCATORY)

Plaintiffs are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

### TENTH AFFIRMATIVE DEFENSE
### (DUE PROCESS)

Plaintiffs are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE
### (PUBLIC POLICY)

Plaintiffs' allegations and attempts to construe California Penal Code section 631 as prohibiting Prudential from performing the activities alleged in the Amended Complaint constitutes a strained reading of these sections of the California Penal Code against public policy.

### TWELFTH AFFIRMATIVE DEFENSE
### (GOOD FAITH/LACK OF INTENT)

At all relevant times, Prudential acted in good faith and had no intent to violate California Penal Code section 631.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Prudential has alleged the affirmative defenses of which it is currently aware. Prudential may become aware of additional affirmative defenses available to it after further discovery and/or investigation. Accordingly, Prudential reserves the right to assert additional affirmative defenses once such defenses have been fully ascertained. If so, Prudential will move to amend this Answer and Affirmative Defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs recover nothing by reason of its FAC, and that the FAC be dismissed with prejudice;

2. That Defendants be awarded their costs and expenses of suit, including reasonable attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Prudential demands trial by jury of all issues so triable under the law.

DATED: July 24, 2023                MUNGER, TOLLES & OLSON LLP

By: ___*/s/ Kelly M. Klaus*___
      KELLY M. KLAUS

Attorneys for Defendants
PRUDENTIAL FINANCIAL, INC. and
ACTIVEPROSPECT, INC