UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HAZEL, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>PRUDENTIAL FINANCIAL, INC., et al.,<br><br>  Defendants. | Case No. 22-cv-07465-CRB  (SK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Regarding Docket No. 52 |

Now before the Court is the discovery dispute regarding the written discovery requests and depositions of two Plaintiffs, Tyrone Hazel and Roxane Evans. Hazel and Evans are concurrently seeking to dismiss their claims their claims voluntarily. Hazel and Evans are named plaintiffs in this putative class action but seek to dismiss their claims because they have received evidence from Defendants indicating that they are not class members. Defendants nonetheless seek to depose them and seek responses to written discovery from them because Defendants argue that Hazel and Evans nonetheless have information that is relevant to the litigation. Hazel and Evans move for a protective order to prevent their depositions from going forward and to ensure that hey need not respond to written discovery.

Defendants cite several cases in which district courts allowed discovery to go forward against named plaintiffs even when they sought to dismiss their claims. *See*, *e.g*., *Dysthe v. Basic Rsch., LLC*, 273 F.R.D. 625, 629–30 (C.D. Case 3:22-cv-07465-CRB Document 52 Filed 05/30/24 Page 4 of 9 4 Cal. 2011) ("It is undisputed that Hall had personal experiences with Relacore weight-loss products. These experiences are relevant to the commonality and typicality of the class representative's claims."); *Sherman v. Yahoo! Inc*., 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015) (undisputed that Sherman received a text message at the center of the TCPA claim, and finding his testimony "is likely to be relevant to class certification issues, even if he no longer

wishes to be burdened with this litigation."); *Opperman v. Path, Inc.*, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015) (compelling interrogatory responses where the plaintiff was a class member, because "Sandiford's responses can be relevant to class certification issues, such as commonality, predominance, and typicality."); *Fraley v. Facebook Inc.*, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012) (undisputed that withdrawing plaintiff was a class member, thus "the court may consider the relevance of her earlier testimony to Facebook's ongoing defense").

Those cases are distinguishable because in those cases, even though the named plaintiffs dismissed or sought to dismiss their claims, it was undisputed that they remained class members and had information about the substance of the claims. Those plaintiffs were seeking to give up their roles as named plaintiffs but remained members of the class based on their experiences with the defendants. Here, in contrast, Hazel and Evans concede that they are not class members. Dkt. No. 52 ("The opposite is true here because Hazel and Evans are not class members.") Because they are not class members and had no dealings with Defendants' products at issue in this case, they have no relevant information.

The Court GRANTS Plaintiffs' motion for protective order.

**IT IS SO ORDERED**.

Dated: May 31, 2024

*Sallie Kim*

SALLIE KIM
United States Magistrate Judge