KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
GRACE DAVIS FISHER (State Bar No. 336732,24101681)
Grace.DavisFisher@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

LAURA D. SMOLOWE (State Bar No. 263012)
laura.smolowe@mto.com
SIDNEY EISNER (State Bar No. 349400)
sidney.eisner@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendants PRUDENTIAL
FINANCIAL, INC, ACTIVEPROSPECT, INC.
and ASSURANCE IQ, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TYRONE HAZEL, ROXANE EVANS, VALERIE TORRES, and RHONDA HYMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PRUDENTIAL FINANCIAL, INC., ACTIVEPROSPECT, INC., and ASSURANCE IQ, LLC,<br><br>Defendants. | Case No. 3:22-cv-07465-CRB<br><br>**DEFENDANT PRUDENTIAL FINANCIAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Charles R. Breyer |

**ANSWER**

Defendant PRUDENTIAL FINANCIAL, INC. ("Prudential") hereby answers the Second Amended Class Action Complaint ("SAC") of Plaintiffs VALERIE TORRES and RHONDA HYMAN (collectively, "Plaintiffs") as follows:

1.    Prudential admits that Assurance IQ, LLC ("Assurance IQ") is a wholly owned subsidiary of Prudential, that Prudential offers consumers life insurance quotes, and that one method by which consumers were able to obtain a life insurance quote from Prudential during the class period was by filling out a webform on term.prudential.com.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 1 of the SAC.

2.    Prudential admits that ActiveProspect, Inc. ("ActiveProspect") sells software and that Prudential can use ActiveProspect's software by adding the ActiveProspect JavaScript into the source code of term.prudential.com.  Prudential lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis denies the remaining allegations of Paragraph 2 of the SAC.

3.    Prudential admits that it used ActiveProspect's TrustedForm software on term.prudential.com during the class period.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 3 of the SAC.

4.    The allegations of Paragraph 4 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 4 of the SAC.

5.    The allegations of Paragraph 5 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 5 of the SAC.

6.    Prudential is without knowledge or information as to the truth of the allegations of Paragraph 6 of the SAC regarding Plaintiffs' actions or intentions and on that basis denies those allegations.  The remaining allegations of Paragraph 6 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies those allegations.

7.     The allegations of Paragraph 7 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 7 of the SAC.

8.     The allegations of Paragraph 8 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 8 of the SAC.

9.     The allegations of Paragraph 9 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 9 of the SAC.

10.    The allegations of Paragraph 10 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 10 of the SAC.

11.    The allegations of Paragraph 11 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 11 of the SAC.

12.    Prudential is without knowledge or information as to the truth of the allegations of Paragraph 12 of the SAC and on that basis denies the allegations.

13.    Prudential is without knowledge or information as to the truth of the allegations of Paragraph 13 of the SAC and on that basis denies the allegations.

14.    Prudential admits the allegations of Paragraph 14 of the SAC.

15.    Prudential admits the allegations of Paragraph 15 of the SAC.

16.    Prudential admits the allegations of Paragraph 16 of the SAC.

17.    Prudential admits the allegations of Paragraph 17 of the SAC.

18.    Prudential admits the allegations of Paragraph 18 of the SAC.

19.    Prudential admits that Assurance IQ did business throughout California and the entire United States during the class period.  Prudential further avers that on April 30, 2024, Prudential announced that it was winding down Assurance IQ's operations.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 19 of the SAC.

20.     Prudential admits that Assurance IQ is a wholly owned subsidiary of Prudential, that Assurance IQ had primary responsibility for the creation and maintenance of term.prudential.com, and that Prudential employees collaborated with Assurance IQ in the creation and implementation of term.prudential.com.  Prudential denies that there is any current operation and maintenance of the webform.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 20 of the SAC.

21.     The allegations of Paragraph 21 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 21 of the SAC.

22.     Prudential admits the allegations of Paragraph 22 of the SAC on information and belief.

23.     Prudential admits that ActiveProspect provides a software product called "TrustedForm."  Except as specifically admitted herein, Prudential lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis denies the remaining allegations of Paragraph 23 of the SAC.

24.     Prudential is without knowledge or information as to the truth of the allegations of Paragraph 24 of the SAC and on that basis denies the allegations.

25.     To the extent the allegations in Paragraph 25 purport to describe or quote an ActiveProspect patent, Prudential avers that the patent is the best evidence of its contents.  Prudential denies the allegations to the extent they do not accurately represent ActiveProspect's patent.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 25 of the SAC.

26.     Prudential admits that ActiveProspect provides a software product called TrustedForm, and that TrustedForm is a lead certification product that helps businesses comply with regulations like the Telephone Consumer Protection Act ("TCPA") by documenting consumer consent.  To the extent the allegations in Paragraph 26 purport to describe or quote one or more documents or webpages, Prudential avers that those documents or webpages are the best evidence of their contents.  Prudential denies the allegations to the extent they do not accurately

DEFENDANT PRUDENTIAL FINANCIAL'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

1  represent the documents' or webpages' full content and context.  Except as specifically admitted

2  herein, Prudential denies the allegations of Paragraph 26 of the SAC.

3         27.    To the extent the allegations in Paragraph 27 purport to describe or quote one or

4  more documents or webpages, Prudential avers that those documents or webpages are the best

5  evidence of their contents.  Prudential denies the allegations to the extent they do not accurately

6  represent the documents' or webpages' full content and context.  Except as specifically admitted

7  herein, Prudential denies the allegations of Paragraph 27 of the SAC.

8         28.    To the extent the allegations in Paragraph 28 purport to describe or quote one or

9  more documents or webpages, Prudential avers that those documents or webpages are the best

10  evidence of their contents.  Prudential denies the allegations to the extent they do not accurately

11  represent the documents' or webpages' full content and context.  Prudential lacks knowledge or

12  information sufficient to form a belief as to the truth of the remaining allegations of this

13  Paragraph, and on that basis denies the remaining allegations of Paragraph 28 of the SAC.

14         29.    To the extent the allegations in Paragraph 29 purport to describe or quote one or

15  more documents or webpages, Prudential avers that those documents or webpages are the best

16  evidence of their contents.  Prudential denies the allegations to the extent they do not accurately

17  represent the documents' or webpages' full content and context.  Prudential lacks knowledge or

18  information sufficient to form a belief as to the truth of the remaining allegations of this

19  Paragraph, and on that basis denies the remaining allegations of Paragraph 29 of the SAC.

20         30.    Prudential lacks knowledge or information sufficient to form a belief as to the truth

21  of the allegations of this Paragraph, and on that basis denies the allegations of Paragraph 30 of the

22  SAC.

23         31.    Prudential lacks knowledge or information sufficient to form a belief as to the truth

24  of the allegations of this Paragraph, and on that basis denies the allegations of Paragraph 31 of the

25  SAC.

26         32.    To the extent the allegations in Paragraph 32 purport to describe or quote an

27  ActiveProspect patent, Prudential avers that the patent is the best evidence of its contents.

28  Prudential denies the allegations to the extent they do not accurately represent ActiveProspect's

patent. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 32 of the SAC.

33.   To the extent the allegations in Paragraph 33 purport to describe or quote an ActiveProspect patent, Prudential avers that the patent is the best evidence of its contents. Prudential denies the allegations to the extent they do not accurately represent ActiveProspect's patent. Except as specifically admitted herein, Prudential denies the allegations of Paragraph 33 of the SAC.

34.   Prudential admits that Paragraph 34 of the SAC includes quotations from a webpage at freedom-to-tinker.com, and that the webpage is the best evidence of its contents.  The remaining allegations of Paragraph 34 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential is without knowledge or information as to the truth of the allegations of Paragraph 34 of the SAC and on that basis denies the allegations.

35.   Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and on that basis denies the allegations of Paragraph 35 of the SAC.

36.   To the extent the allegations in Paragraph 36 purport to quote a webpage, Prudential avers that that webpage is the best evidence of its content.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Prudential is without knowledge or information regarding the remaining allegations of Paragraph 36 of the SAC and on that basis denies those allegations.

37.   Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and on that basis denies the allegations of Paragraph 37 of the SAC.

38.   Prudential admits that it used ActiveProspect's TrustedForm software on term.prudential.com during the class period.  Prudential is without knowledge or information as to the truth of the remaining allegations in Paragraph 38, and on that basis denies the allegations.

39.    The allegations of 39 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 39 of the SAC.

40.    Prudential admits the allegations of Paragraph 40 of the SAC.

41.    Prudential admits that term.prudential.com was launched on February 23, 2021 and that users could fill out a webform to request a life insurance quote.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 41 of the SAC.

42.    Prudential admits that Assurance IQ is a wholly owned subsidiary of Prudential, that Assurance IQ had primary responsibility for the creation and maintenance of term.prudential.com and that Prudential employees collaborated with Assurance IQ in the creation and implementation of term.prudential.com.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 42 of the SAC.

43.    Prudential admits that it used ActiveProspect's TrustedForm software on term.prudential.com from the time that term.prudential.com was launched on February 23, 2021 and during the class period.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 43 of the SAC.

44.    To the extent the allegations in Paragraph 44 purport to describe or quote one or more documents or webpages, Prudential avers that those documents or webpages are the best evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 44 of the SAC.

45.    To the extent the allegations in Paragraph 45 purport to describe or quote one or more documents or webpages, Prudential avers that those documents or webpages are the best evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 45 of the SAC.

46.    Prudential admits that it used ActiveProspect's TrustedForm software on term.prudential.com from the time that term.prudential.com was launched on February 23, 2021

1   and during the class period.  Except as specifically admitted herein, Prudential denies the

2   allegations of Paragraph 46 of the SAC.

3          47.     Prudential admits that it used ActiveProspect's TrustedForm software on

4   term.prudential.com during the class period.  To the extent the allegations in Paragraph 47 purport

5   to describe or quote one or more documents or webpages, Prudential avers that those documents

6   or webpages are the best evidence of their contents.  Prudential denies the allegations to the extent

7   they do not accurately represent the documents' or webpages' full content and context.  Except as

8   specifically admitted herein, Prudential denies the allegations of Paragraph 47 of the SAC.

9          48.     The allegations of Paragraph 48 of the SAC are legal arguments or conclusions as

10  to which no responsive pleading is required.  To the extent a response may be required, Prudential

11  is without knowledge or information as to the truth of the allegations in Paragraph 48 of the SAC,

12  and on that basis denies the allegations.

13         49.     The allegations of Paragraph 49 of the SAC are legal arguments or conclusions as

14  to which no responsive pleading is required.  Additionally, to the extent the allegations in

15  Paragraph 49 purport to describe or quote one or more documents or webpages, Prudential avers

16  that those documents or webpages are the best evidence of their contents.  Prudential denies the

17  allegations to the extent they do not accurately represent the documents' or webpages' full content

18  and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph

19  49 of the SAC.

20         50.     To the extent the allegations in Paragraph 50 purport to describe or quote one or

21  more documents or webpages, Prudential avers that those documents or webpages are the best

22  evidence of their contents.  Prudential denies the allegations to the extent they do not accurately

23  represent the documents' or webpages' full content and context.  Except as specifically admitted

24  herein, Prudential denies the allegations of Paragraph 50 of the SAC.

25         51.     To the extent the allegations in Paragraph 51 purport to describe or quote one or

26  more documents or webpages, Prudential avers that those documents or webpages are the best

27  evidence of their contents.  Prudential denies the allegations to the extent they do not accurately

28

DEFENDANT PRUDENTIAL FINANCIAL'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

represent the documents' or webpages' full content and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 51 of the SAC.

52.     To the extent the allegations in Paragraph 52 purport to describe or quote one or more documents or webpages, Prudential avers that those documents or webpages are the best evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 52 of the SAC.

53.     The allegations of Paragraph 53 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  Additionally, to the extent the allegations in Paragraph 53 purport to describe or quote one or more documents or webpages, Prudential avers that those documents or webpages are the best evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 53 of the SAC.

54.     To the extent the allegations in Paragraph 54 purport to describe or quote one or more documents or webpages, Prudential avers that those documents or webpages are the best evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 54 of the SAC.

55.     The allegations of Paragraph 55 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  Additionally, to the extent the allegations in Paragraph 55 purport to describe or quote one or more documents or webpages, Prudential avers that those documents or webpages are the best evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 55 of the SAC.

56.     The allegations of Paragraph 56 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  Additionally, to the extent the allegations in

Paragraph 56 purport to describe or quote one or more documents or webpages, Prudential avers that those documents or webpages are the best evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 56 of the SAC.

57.     Prudential admits that from February 23, 2021 to approximately March 9, 2023, Prudential Financial's privacy policies were linked to term.prudential.com.  Prudential further admits that from approximately March 10, 2023 until the website was shut down in April 2024, Assurance IQ's privacy policies were linked on term.prudential.com.  Expect as specifically admitted herein, Prudential denies the allegations of Paragraph 57 of the SAC.

58.     The allegations of Paragraph 58 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 58 of the SAC.

59.     The allegations of Paragraph 59 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 59 of the SAC.

60.     The allegations of paragraph 60 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response is required, Prudential admits that on December 14, 2022 Prudential added a pop-up disclosure to term.prudential.com stating "Pru Branded Path is powered by Assurance IQ.  By using this website, you consent to the real-time collection, storage, use, and share of information on your device, or provided by you (such as mouse movements and clicks) for Assurance IQ, LLC and/or its third-party providers. See our Privacy Center for more information."  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 60 of the SAC.

61.     The allegations of Paragraph 61 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 61 of the SAC.

62.     The allegations of Paragraph 62 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 62 of the SAC.

63.     Prudential admits that it used ActiveProspect's TrustedForm software on term.prudential.com during the class period.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 63 of the SAC.

64.     The allegations of Paragraph 64 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 64 of the SAC.

65.     The allegations of Paragraph 65 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 65 of the SAC.

66.     Prudential admits that Paragraph 66 of the SAC purports to summarize the findings of multiple studies, and that the studies are the best evidence of their contents.  The remaining allegations of Paragraph 66 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential is without knowledge or information as to the truth of the allegations of Paragraph 66 of the SAC and on that basis denies the allegations.

67.     Prudential is without knowledge or information as to the truth of the allegations of Paragraph 67 of the SAC and on that basis denies the allegations.

68.     Prudential is without knowledge or information as to the truth of the allegations of Paragraph 68 of the SAC and on that basis denies the allegations.

69.     The allegations of Paragraph 69 of the SAC are legal arguments or conclusions as to which no responsive pleading is required. To the extent a response may be required, Prudential denies the allegations of Paragraph 69 of the SAC.

70.     Prudential is without knowledge or information as to the truth of the allegations of Paragraph 70 of the SAC and on that basis denies the allegations.

DEFENDANT PRUDENTIAL FINANCIAL'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

71.     Prudential is without knowledge or information as to the truth of the allegations of Paragraph 71 of the SAC and on that basis denies the allegations.

72.     Prudential is without knowledge or information as to the truth of the allegations of Paragraph 72 of the SAC and on that basis denies the allegations.

73.     The allegations of Paragraph 73 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 73 of the SAC.

74.     Prudential is without knowledge or information as to the truth of the allegations of Paragraph 74 of the SAC and on that basis denies the allegations.

75.     Prudential is without knowledge or information as to the truth of the allegations of Paragraph 75 of the SAC and on that basis denies the allegations.

76.     The allegations of Paragraph 76 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 76 of the SAC.

77.     The allegations of Paragraph 77 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 77 of the SAC.

78.     The allegations of Paragraph 78 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 78 of the SAC.

79.     The allegations of Paragraph 79 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 79 of the SAC.

80.     The allegations of Paragraph 80 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 80 of the SAC.

81.     To the extent the allegations in Paragraph 81 purport to describe or quote one or more documents or webpages, Prudential avers that those documents or webpages are the best

evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 81 of the SAC.

82.     Prudential is without knowledge or information as to the truth of the allegations of the first sentence of Paragraph 82 of the SAC and on that basis denies the allegations.  To the extent the remaining allegations in Paragraph 82 of the SAC purport to describe or quote one or more documents or webpages, Prudential avers that those documents or webpages are the best evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 82.

83.     The allegations of Paragraph 83 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 83 of the SAC.

84.     Prudential admits that it completed the acquisition of Assurance IQ in October 2019.  To the extent the allegations in Paragraph 84 purport to quote Prudential's public filings, Prudential avers that its public filings are the best evidence of their contents.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 84 of the SAC.

85.     To the extent the allegations in Paragraph 85 purport to quote Prudential's public filings, Prudential avers that its public filings are the best evidence of their contents.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 85 of the SAC.

86.     Prudential admits that during the class period certain individuals, including Doug Morrin, held positions at both Prudential and Assurance IQ.  Except as specifically admitted herein, Assurance IQ denies the allegations of Paragraph 86 of the SAC.

87.     Prudential admits that term.prudential.com used Assurance IQ technology during the class period.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 87 of the SAC.

88.     Prudential admits that Assurance is a wholly owned subsidiary of Prudential, that Assurance had primary responsibility for the creation and maintenance of term.prudential.com,

DEFENDANT PRUDENTIAL FINANCIAL'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

1  that Prudential employees collaborated with Assurance in the creation and implementation of

2  term.prudential.com, and that Assurance IQ hosted the code for the website during the class period

3  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 88 of the

4  SAC.

5          89.     Prudential admits that it had ultimate authority over the webform and that

6  Assurance IQ was primarily responsible for the creation, implementation and maintenance of the

7  webform at term.prudential.com.  Except as specifically admitted herein, Prudential denies the

8  allegations of Paragraph 89 of the SAC.

9          90.     Prudential admits that before February 23, 2021, Assurance IQ utilized

10  ActiveProspect's TrustedForm technology on websites other than term.prudential.com.  Except as

11  specifically admitted herein, Prudential denies the allegations of Paragraph 90 of the SAC.

12         91.     Prudential admits that certain individuals at Prudential, including Doug Morrin, had

13  a general understanding of the services provided by TrustedForm during the class period.  Except

14  as specifically admitted herein, Prudential denies the allegations of Paragraph 91 of the SAC.

15         92.     The allegations of Paragraph 92 of the SAC are legal arguments or conclusions as

16  to which no responsive pleading is required.  To the extent a response is required and to the extent

17  the allegations in Paragraph 92 purport to describe or quote one or more documents or webpages,

18  Prudential avers that those documents or webpages are the best evidence of their contents.

19  Prudential denies the allegations to the extent they do not accurately represent the documents' or

20  webpages' full content and context.  Except as specifically admitted herein, Prudential denies the

21  allegations of Paragraph 92 of the SAC.

22         93.     The allegations of Paragraph 93 of the SAC are legal arguments or conclusions as

23  to which no responsive pleading is required.  To the extent a response is required and to the extent

24  the allegations in Paragraph 93 purport to describe or quote one or more documents or webpages,

25  Prudential avers that those documents or webpages are the best evidence of their contents.

26  Prudential denies the allegations to the extent they do not accurately represent the documents' or

27  webpages' full content and context.  Except as specifically admitted herein, Prudential denies the

28  allegations of Paragraph 93 of the SAC.

94.     Prudential admits that Assurance IQ maintains a database containing information regarding website visitors who filled out the webform on term.prudential.com.  To the extent the allegations in Paragraph 94 purport to describe or quote one or more documents, Prudential avers that those documents are the best evidence of their contents.  Prudential denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 94 of the SAC.

95.     Prudential admits that both Prudential and Assurance IQ have access to certain information about website visitors to term.prudential.com.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 95 of the SAC.

96.     Prudential admits that both Prudential and Assurance IQ had the right to contact leads generated through term.prudential.com, and that neither Prudential nor Assurance sold leads generated through term.prudential.com.  Except as specifically admitted herein, Prudential denies the allegations of Paragraph 96 of the SAC.

97.     The allegations of Paragraph 97 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 97 of the SAC.

98.     The allegations of Paragraph 98 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 98 of the SAC.

99.     The allegations of Paragraph 99 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 99 of the SAC.

100.     The allegations of Paragraph 100 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 100 of the SAC.

101.     The allegations of Paragraph 101 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 101 of the SAC.

102.     The allegations of Paragraph 102 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 102 of the SAC.

103.     The allegations of Paragraph 103 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 103 of the SAC.

104.     The allegations of Paragraph 104 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 104 of the SAC.

105.     The allegations of Paragraph 105 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 105 of the SAC.

106.     The allegations of Paragraph 106 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 106 of the SAC.

107.     Paragraph 107 is a mere reiteration of past allegations to which no response is required.  To the extent a response may be required, Prudential incorporates its earlier responses to the foregoing paragraphs.

108.     The allegations of Paragraph 108 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 108 of the SAC.

109.     The allegations of Paragraph 109 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 109 of the SAC.

110.     The allegations of Paragraph 110 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 110 of the SAC.

DEFENDANT PRUDENTIAL FINANCIAL'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

111.    The allegations of Paragraph 111 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 111 of the SAC.

112.    The allegations of Paragraph 112 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 112 of the SAC.

113.    The allegations of Paragraph 113 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 113 of the SAC.

114.    The allegations of Paragraph 114 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 114 of the SAC.

115.    The allegations of Paragraph 115 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 115 of the SAC.

116.    The allegations of Paragraph 116 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 116 of the SAC.

117.    The allegations of Paragraph 117 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 117 of the SAC.

118.    Paragraph 118 is a mere reiteration of past allegations to which no response is required.  To the extent a response may be required, Prudential incorporates its earlier responses to the foregoing paragraphs.

119.    The allegations of Paragraph 119 of the SAC are legal arguments or conclusions as to which no responsive pleading is required.  To the extent a response may be required, Prudential denies the allegations of Paragraph 119 of the SAC.

1    120.    The allegations of Paragraph 120 of the SAC are legal arguments or conclusions as

2    to which no responsive pleading is required.  To the extent a response may be required, Prudential

3    denies the allegations of Paragraph 120 of the SAC.

4    121.    The allegations of Paragraph 121 of the SAC are legal arguments or conclusions as

5    to which no responsive pleading is required.  To the extent a response may be required, Prudential

6    denies the allegations of Paragraph 121 of the SAC.

7    122.    The allegations of Paragraph 122 of the SAC are legal arguments or conclusions as

8    to which no responsive pleading is required.  To the extent a response may be required, Prudential

9    denies the allegations of Paragraph 122 of the SAC.

10    123.    The allegations of Paragraph 123 of the SAC are legal arguments or conclusions as

11    to which no responsive pleading is required.  To the extent a response may be required, Prudential

12    denies the allegations of Paragraph 123 of the SAC.

13    124.    The allegations of Paragraph 124 of the SAC are legal arguments or conclusions as

14    to which no responsive pleading is required.  To the extent a response may be required, Prudential

15    denies the allegations of Paragraph 124 of the SAC.

16    125.    The allegations of Paragraph 125 of the SAC are legal arguments or conclusions as

17    to which no responsive pleading is required.  To the extent a response may be required, Prudential

18    denies the allegations of Paragraph 125 of the SAC.

19    126.    The allegations of Paragraph 126 of the SAC are legal arguments or conclusions as

20    to which no responsive pleading is required.  To the extent a response may be required, Prudential

21    denies the allegations of Paragraph 126 of the SAC.

22    127.    The allegations of Paragraph 127 of the SAC are legal arguments or conclusions as

23    to which no responsive pleading is required.  To the extent a response may be required, Prudential

24    denies the allegations of Paragraph 127 of the SAC.

25    128.    The allegations of Paragraph 128 of the SAC are legal arguments or conclusions as

26    to which no responsive pleading is required.  To the extent a response may be required, Prudential

27    denies the allegations of Paragraph 128 of the SAC.

28

1        129.    The allegations of Paragraph 129 of the SAC are legal arguments or conclusions as

2   to which no responsive pleading is required.  To the extent a response may be required, Prudential

3   denies the allegations of Paragraph 129 of the SAC.

DEFENDANT PRUDENTIAL FINANCIAL'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

## **AFFIRMATIVE DEFENSES**

Prudential asserts the following affirmative defenses.  By enumerating the subjects below as affirmative defenses, Prudential does not concede that any such matter is an affirmative defense, as opposed to an element of Plaintiffs' claim as to which it bears the burden of proof.  Prudential does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended to or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

### **FIRST AFFIRMATIVE DEFENSE**
### **(STANDING/LACK OF INJURY)**

Plaintiffs lack standing because they did not suffer any concrete injury and they did not suffer any of the injuries alleged in the Amended Complaint.  Plaintiffs do not and cannot allege any invasion of privacy rights or any wrongful disclosure.  Plaintiffs lack standing to bring claims pursuant to California Penal Code sections 631 because they consented to the alleged activities.

### **SECOND AFFIRMATIVE DEFENSE**
### **(CONSENT, RATIFICATION)**

Plaintiffs consented and/or ratified the alleged activities by assenting to Prudential's privacy notice.

### **THIRD AFFIRMATIVE DEFENSE**
### **(ACTS OF THIRD PARTIES)**

Damages or injuries suffered by Plaintiffs, if any, are attributable to the conduct, deeds, words, acts and/or omissions of third parties, and not Prudential.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(FAILURE TO MITIGATE DAMAGES)**

Plaintiffs failed to mitigate their damages, if any damages exist, which results in a reduction of damages by the amounts by which Plaintiffs could have mitigated damages but did not do so.

### **FIFTH AFFIRMATIVE DEFENSE**
### **(LACHES)**

Plaintiffs' claims for relief are barred by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (WAIVER)

Plaintiffs' claims for relief are barred by the equitable doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Plaintiffs' claims for relief are barred by the equitable doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (ACQUIESCENCE)

Plaintiffs' claims for relief are barred by the equitable doctrine of acquiescence.

## NINTH AFFIRMATIVE DEFENSE
### (PENALTIES UNJUST, ARBITRARY AND OPPRESSIVE, OR CONFISCATORY)

Plaintiffs are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

## TENTH AFFIRMATIVE DEFENSE
### (DUE PROCESS)

Plaintiffs are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE
### (PUBLIC POLICY)

Plaintiffs' allegations and attempts to construe California Penal Code section 631 as prohibiting Prudential from performing the activities alleged in the Amended Complaint constitutes a strained reading of these sections of the California Penal Code against public policy.

## TWELFTH AFFIRMATIVE DEFENSE
### (GOOD FAITH/LACK OF INTENT)

At all relevant times, Prudential acted in good faith and had no intent to violate California Penal Code section 631.

## ADDITIONAL AFFIRMATIVE DEFENSES

Prudential has alleged the affirmative defenses of which it is currently aware.  Prudential may become aware of additional affirmative defenses available to it after further discovery and/or investigation.  Accordingly, Prudential reserves the right to assert additional affirmative defenses once such defenses have been fully ascertained.  If so, Prudential will move to amend this Answer and Affirmative Defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1.     That Plaintiffs recover nothing by reason of its SAC, and that the SAC be dismissed with prejudice;

2.     That Defendants be awarded their costs and expenses of suit, including reasonable attorneys' fees; and

3.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Prudential demands trial by jury of all issues so triable under the law.

DATED:  June 27, 2024            MUNGER, TOLLES & OLSON LLP
                                 KELLY M. KLAUS
                                 JONATHAN H. BLAVIN
                                 GRACE DAVIS FISHER
                                 LAURA D. SMOLOWE
                                 SIDNEY EISNER


                                 By:  _____/s/ Kelly M. Klaus_____
                                      KELLY M. KLAUS
                                      Attorneys for Defendants PRUDENTIAL
                                      FINANCIAL, INC, ACTIVEPROSPECT, INC.
                                      and ASSURANCE IQ, LLC