| | |
|---|---|
| 1 | Dena C. Sharp (State Bar No. 245869) |
| 2 | dsharp@girardsharp.com |
|   | Simon S. Grille (State Bar No. 294914) |
| 3 | sgrille@girardsharp.com |
|   | Nina R. Gliozzo (State Bar No. 333569) |
| 4 | ngliozzo@girardsharp.com |
|   | Jordan Isern (State Bar No. 343159) |
| 5 | jisern@girardsharp.com |
| 6 | **GIRARD SHARP LLP** |
|   | 601 California Street, Suite 1400 |
| 7 | San Francisco, CA 94108 |
|   | Telephone: (415) 981-4800 |
| 8 | Facsimile: (415) 981-4846 |
| 9 | *Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| VALERIE TORRES and RHONDA HYMAN, individually and on behalf of all others similarly situated, | | Case No. 3:22-cv-07465-CRB |
| | Plaintiffs, | **DECLARATION OF NINA R. GLIOZZO IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| v. | | |
| PRUDENTIAL FINANCIAL, INC., ACTIVEPROSPECT, INC., and ASSURANCE IQ, LLC, | | **Judge: Hon. Charles R. Breyer**<br>**Date: Oct. 18, 2024**<br>**Time: 10:00 am**<br>**Ctrm.: 6** |
| | Defendants. | |

**REDACTED**

**Exhibits 2, 3, 5, 6, 10, 11, 13, and 18 (Filed Under Seal)**

- 1 -

DECLARATION OF NINA R. GLIOZZO IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
CASE NO. 3:22-CV-07465-CRB

I, Nina R. Gliozzo, declare:

1. I am an associate at Girard Sharp LLP and one of the attorneys of record for Plaintiffs in the above-captioned proceeding and I am admitted to practice before this Court.

2. I submit this declaration in support of Plaintiffs' Motion for Class Certification. I make this declaration based on my own personal knowledge. If called upon to do so, I would testify under oath to the matters stated herein.

3. On November 23, 2022, my firm filed a class action complaint against Defendants ActiveProspect, Inc. and Prudential Financial, Inc. alleging, among other things, that Defendants violated the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 631(a) through the use of the TrustedForm software on Prudential's life insurance quote website.

4. Plaintiffs filed an Amended Complaint on February 21, 2023.

5. Defendants moved to dismiss the Amended Complaint on March 31, 2023. My firm filed an opposition on May 3 and Defendants filed a reply on May 17. On June 9, 2023, the Court entered an order granting the motion to dismiss in part and denying in part. The Court denied Defendants' motion as to the Section 631 claim and invasion of privacy claims but dismissed the UCL claims.

6. My firm also briefed a discovery dispute regarding discovery on two now former Plaintiffs, Tyrone Hazel and Roxane Evans. After Plaintiffs indicated their intent to dismiss former class representatives Hazel and Evans from the case based on newly discovered evidence suggesting they are not class members, Defendants stated they intended to depose Hazel and Evans and seek to compel their responses to written discovery. Plaintiffs moved for a protective order, which Magistrate Judge Kim granted on May 31, 2024.

7. Following the Judge Kim's ruling, we negotiated a stipulation with Defendants to file a Second Amended Complaint that dismissed Hazel and Evans, and added Assurance IQ, LLC as a defendant. The Court granted the stipulation, and Plaintiffs filed the operative Second Amended Complaint on June 6, 2024. Dkt. Nos. 55, 56.

8. Since the outset of this case, Girard Sharp has pursued discovery and developed the case by:

a. serving document requests, interrogatories, and requests for admission on Defendants;

b. setting up an electronic document review platform;

c. negotiating document production with Defendants' counsel, including with regard to search terms and custodians to query for the production of custodial information;

d. developing a document review protocol and reviewed all documents produced to date by Defendants;

e. deposing fact witnesses and a Rule 30(b)(6) corporate designee for each of Prudential and ActiveProspect;

f. retaining and working with experts;

g. preparing this class certification motion; and

h. completing other necessary tasks to advance this case.

9. In document requests, Plaintiffs sought production of database entries for persons who filled out the webform in the relevant time frame. Defendants objected to the production of the entire dataset, including on the basis that "it is not proportional to the needs of this case, particularly given that no class has been certified." In response to Request for Production 16, Prudential agreed to produce documents "sufficient to show the categories of data collected by Defendant from website users' submission of the webform on term.prudential.com" in the class period, and Plaintiffs agreed to revisit the request at the appropriate time.

10. Girard Sharp is a national law firm with extensive experience in prosecuting class actions, including consumer protection cases. Based in San Francisco, the firm has represented clients throughout the United States in complex consumer, antitrust, securities, civil rights, telecommunications, products liability, and privacy actions since 1995. Girard Sharp is committed to pursuing the claims asserted on behalf of Plaintiffs and the class members. Girard Sharp has fairly and adequately protected the interests of class members to date, and will continue to apply its resources, experience and skill to vigorously prosecute their claims. A copy of the firm's resume is attached as **Exhibit 1.**

11. The following numbered Exhibits, attached hereto, are submitted in support of Plaintiffs' Motion for Class Certification:

    a. A true and correct copy of the expert report of Zubair Shafiq, is attached as **Exhibit 2**. Portions of this report are provisionally filed under seal, pending resolution of the motion to seal accompanying this motion.

    b. A true and correct copy of the TrustedForm Certificate for Valerie Torres, a document marked as Exhibit 19 in the deposition of Daniel Renz as the 30(b)(6) corporate designee of Prudential, and which includes a document Bates numbered PRU0000097, is attached as **Exhibit 3**. This document is provisionally filed under seal, pending resolution of the motion to seal accompanying this motion.

    c. A true and correct copy of a document Bates numbered AP0000587 is attached as **Exhibit 4**.

    d. A true and correct copy of excerpts of the deposition transcript of Steven Rafferty, ActiveProspect's CEO and Rule 30(b)(6) corporate designee is attached as **Exhibit 5**. Portions of pages 122, 131-32, and 185 are provisionally filed under seal, pending resolution of the motion to seal accompanying this motion.

    e. A true and correct copy of a document Bates numbered AP0000874 is attached as **Exhibit 6**. This document is provisionally filed under seal, pending resolution of the motion to seal accompanying this motion.

    f. A true and correct copy of a document Bates numbered AP0000610 is attached as **Exhibit 7**.

    g. A true and correct copy of a document Bates numbered AP0000039 is attached as **Exhibit 8**.

    h. A true and correct copy of a document Bates numbered AP0000585 is attached as **Exhibit 9**.

    i. A true and correct copy of excerpts of the deposition transcript of Daniel Renz, Prudential's 30b6 corporate designee, is attached as **Exhibit 10**. Portions of

pages 90, 104, and 146 are provisionally filed under seal, pending resolution of the motion to seal accompanying this motion.

j.  A true and correct copy of a document Bates numbered PRU0002273 is attached as **Exhibit 11**. This document is provisionally filed under seal, pending resolution of the motion to seal accompanying this motion.

k.  A true and correct copy of Prudential's Responses and Objections to Plaintiffs' First Set of Requests for Admission is attached as **Exhibit 12**.

l.  A true and correct copy of excerpts of the deposition transcript of Kevin Bao, senior software engineer for Assurance IQ, is attached as **Exhibit 13**. Pages 169-70 are provisionally filed under seal, pending resolution of the motion to seal accompanying this motion.

m.  A true and correct copy of a document marked as Exhibit 21 in the deposition of Daniel Renz as the Rule 30(b)(6) corporate designee of Prudential, showing the first page of the term.prudential.com webform as of January 2023, is attached as **Exhibit 14**.

n.  A true and correct copy of a document Bates numbered PRU0000001 is attached as **Exhibit 15**.

o.  A true and correct copy of a document marked as Exhibit 31 in the deposition of Daniel Renz as the 30(b)(6) corporate designee of Prudential, showing Prudential's Privacy Policy for California Residents as of June 2022, is attached as **Exhibit 16**.

p.  A true and correct copy of Defendants' Responses and Objections to Plaintiffs' Second Set of Interrogatories is attached as **Exhibit 17**.

q.  A true and correct copy of a document Bates numbered PRU0000422 is attached as **Exhibit 18**. This document is provisionally filed under seal, pending resolution of the motion to seal accompanying this motion.

r.  A true and correct copy of a document Bates numbered AP0000062 is attached as **Exhibit 19**.

s.  A true and correct copy of a document Bates numbered AP0000933 is attached as **Exhibit 20**.

t.  Plaintiffs' proposed Trial Management Plan is attached as **Exhibit 21**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed June 28, 2024 in Albany, CA.

/s/ *Nina R. Gliozzo*
Nina R. Gliozzo