EXHIBIT 17

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
VIRGINIA GRACE DAVIS (State Bar No. 336732)
grace.davisfisher@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California  94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

LAURA D. SMOLOWE (State Bar No. 263012)
laura.smolowe@mto.com
SIDNEY MOSKOWITZ (State Bar No. 349400)
sidney.moskowitz@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TYRONE HAZEL, ROXANE EVANS, VALERIE TORRES, and RHONDA HYMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PRUDENTIAL FINANCIAL, INC. and ACTIVEPROSPECT, INC.,<br><br>Defendants. | Case No. 3:22-cv-07465-CRB<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** |

PROPOUNDING PARTIES: Plaintiffs

RESPONDING PARTIES:    Defendants Prudential Financial, Inc. and ActiveProspect, Inc.

SET NUMBER:        Two

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Prudential Financial, Inc. ("Prudential") and ActiveProspect, Inc. ("ActiveProspect" and together with "Prudential," "Defendants") hereby object and respond to the Second Set of Interrogatories propounded by Plaintiffs Tyrone Hazel, Roxane Evans, Valerie Torres, and Rhonda Hyman (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

1.      By responding to Plaintiffs' First Set of Interrogatories, Defendants do not waive any privilege or objection that may be applicable to: (a) the use, for any purpose, by Plaintiffs of any information sought by Plaintiffs or provided in response to an Interrogatory; (b) the admissibility, relevance, or materiality of any of the information to any issue in this case; or (c) any demand for further responses involving or relating to the subject matter of any of the Interrogatories.

2.      Defendants' responses are based on information reasonably available to Defendants as of the date of these responses.  Defendants' investigation is continuing and ongoing.  Subject to and without waiving any of its objections set forth herein, Defendants reserve the right to alter or to supplement these responses as additional information becomes known to it, but undertakes no obligation to do so beyond the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, and Orders of this Court.

3.      This Preliminary Statement is incorporated into each response to each Interrogatory below.

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each and every response to each and every specific Interrogatory, whether or not such General Objections are expressly incorporated by reference in such response.

1.      Defendants object to each and every Interrogatory, definition, and instruction to the extent that it attempts to impose obligations inconsistent with or in addition to those required by the Federal Rules of Civil Procedure, the Local Rules or Orders of this Court, or any other applicable authority.

2.      Defendants object to each and every Interrogatory, definition, and instruction as

irrelevant and overly broad.  In addition, Defendant objects that each and every Interrogatory, definition, and instruction is not proportional to the needs of this case, particularly given that no class has been certified.

3.      Defendants object to each and every Interrogatory, definition, and instruction as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it is not reasonably limited in scope, seeks information neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence, or seeks information that would cause Defendant to incur a substantial expense that outweighs any likely benefit of the discovery, particularly given that no class has been certified.

4.      Defendants object to each and every Interrogatory, definition, and instruction to the extent that it seeks information already in the possession of or more readily available to Plaintiffs, that is equally available to Plaintiffs as it is to Defendant, or that could be derived or ascertained by Plaintiffs with substantially the same effort that would be required of Defendant, including through publicly available sources.

5.      Defendants object to each and every Interrogatory, definition, and instruction to the extent that it lacks any reasonable time limitation, including but not limited to because it poses an undue burden on Defendant since it seeks documents from before the beginning of Plaintiffs' proposed class period.

6.      Defendants object to each and every Interrogatory, definition, and instruction to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection, or doctrine.  Defendant claims such privileges and protections to the extent implicated by each Interrogatory, and excludes privileged and protected information from its responses.  Any production of privileged information by Defendant is unintentional, and any such inadvertent production shall not be construed as a waiver of any applicable objection or privilege.  Plaintiffs shall, upon the request of Defendant, immediately destroy any such information inadvertently disclosed.  Further, upon Plaintiffs' discovery of any apparently privileged information, Plaintiffs should immediately inform Defendant of that fact in writing.

7.    Defendants object to each and every Interrogatory, definition, and instruction to the extent that it calls for a legal conclusion.  Any response by Defendant shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Plaintiffs' Interrogatories, definitions, or instructions.

8.    Defendants object to each and every Interrogatory, definition, and instruction to the extent that it seeks information not within Defendant's possession, custody, or control.

9.    Defendants object to each and every Interrogatory, definition, and instruction to the extent that it seeks any confidential, proprietary, or competitively sensitive information, trade secret information, financial information, or any other information that Defendant is not permitted to disclose pursuant to confidentiality or other legal obligations to third parties.  Defendant will disclose such information only pursuant to the Court's September 6, 2023 Protective Order.  *See* Dkt. 43.

10.    Defendants object to each and every Interrogatory, definition, and instruction to the extent that it calls for Defendant to form and then render an expert opinion.

11.    Defendants object to each and every Interrogatory, definition, and instruction to the extent that it is unreasonably cumulative or duplicative.

12.    Defendants object to each and every Interrogatory, definition, and instruction to the extent that it is speculative, lacks foundation, or contains characterizations, definitions, or assumptions.  Nothing contained in or absent from Defendant's responses or objections shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiffs' characterizations, definitions, or assumptions are correct.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Defendants' responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Plaintiffs seek to impose.

2.    Defendants object to the definition of "ACTIVEPROSPECT" as vague, overly broad, and unduly burdensome in that it purports to cover Defendant ActiveProspect, Inc. in addition to its "predecessors and successors in interest; its present and former officers, directors,

and employees; its parents, subsidiaries, divisions, entities, and affiliated companies; and its attorneys, representatives, agents and all other persons acting or authorized to act on their behalf, including third-party entities." Defendant construes "ACTIVEPROSPECT" to mean Defendant ActiveProspect, Inc.

3.    Defendants object to the definition of "PRUDENTIAL," "YOU," AND "YOUR" as vague, overly broad, and unduly burdensome in that it purports to cover Defendant in addition to its "predecessors and successors in interest; its present and former officers, directors, and employees; its parents, subsidiaries, divisions, entities, and affiliated companies; and its attorneys, representatives, agents and all other persons acting or authorized to act on their behalf, including third-party entities." Defendant construes "PRUDENTIAL," "YOU," and "YOUR" to mean Defendant and its wholly owned subsidiary Assurance IQ, LLC ("Assurance IQ").

## RESPONSES TO INTERROGATORIES TO PRUDENTIAL

### INTERROGATORY NO. 5 TO PRUDENTIAL:

Describe the measures Prudential takes, if any, to identify webform submissions by bots or otherwise not submitted by a natural person on term.prudential.com from February 23, 2021 to December 13, 2022.

### RESPONSE TO INTERROGATORY NO. 5 TO PRUDENTIAL:

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein. Defendant further objects to this Interrogatory to the extent it seeks any documents or information protected by the attorney-client privilege, the work-product doctrine, or any analogous privilege or protection from discovery. Defendant further objects that this Interrogatory is irrelevant, vague and ambiguous, including because it does not define the terms "webform submissions" and "bots." For purposes of this Interrogatory, Defendant construes "webform submissions" to mean any data entry into the webform to request a life insurance quote on term.prudential.com. Defendants construes "bots" to mean a software application that runs automated tasks on the internet with the intent to imitate human activity. Defendant further objects to this Request as irrelevant and overbroad insofar as it seeks information outside the class period.

DEFENDANTS RESPONSES AND OBJECTIONS TO PLS.' INTERROGATORIES

Subject to and without waiving all of its objections, Defendant responds as follows:  From November 23, 2021 to December 13, 2022, Prudential utilized reCAPTCHA and Oxford BioChronometrics to detect bots on term.prudential.com.

**INTERROGATORY NO. 6 TO PRUDENTIAL:**

For each invoice Prudential has received from ActiveProspect for the use of TrustedForm from February 2021 to present, identify (a) the amount of the invoice; (b) the date  the invoice was paid; and (c) the entity that paid the invoice, whether Prudential Financial, Inc., Assurance IQ, LLC, both, or another entity.

**RESPONSE TO INTERROGATORY NO. 6 TO PRUDENTIAL:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein.  Defendant further objects to this Interrogatory to the extent it seeks any documents or information protected by the attorney-client privilege, the work-product doctrine, or any analogous privilege or protection from discovery. Defendant further objects that this Interrogatory is irrelevant, vague and ambiguous. Defendant further objects to this Request as irrelevant and overbroad insofar as it seeks information outside the class period.

Subject to and without waiving all of its objections, Defendant responds as follows:  From November 2021 to December 2022, Prudential received and paid the invoices reflected in the chart below.  Each invoice was paid by Prudential through an electronic funds transfer and reimbursed by Assurance.

| Invoice Date | Amount | Date Paid |
|:---:|:---:|:---:|
| 11/5/2021 | $19,288.95 | 1/14/2022 |
| 12/5/2021 | $21,290.22 | 1/5/2022 |
| 1/5/2022 | $19,111.34 | 1/14/2022 |
| 2/4/2022 | $20,986.63 | 2/9/2022 |
| 3/5/2022 | $20,565.33 | 3/15/2022 |
| 4/5/2022 | $21,451.00 | 4/22/2022 |

| Invoice Date | Amount | Date Paid |
|---|---|---|
| 5/5/2022 | $21,571.91 | 5/11/2022 |
| 6/5/2022 | $23,225.18 | 7/1/2022 |
| 7/5/2022 | $24,374.55 | 7/11/2022 |
| 8/4/2022 | $24,589.39 | 8/8/2022 |
| 9/5/2022 | $26,160.55 | 9/29/2022 |
| 10/5/2022 | $26,477.04 | 10/19/2022 |
| 11/5/2022 | $28,723.08 | 11/9/2022 |
| 12/5/2022 | $31,012.75 | 12/8/2022 |

**INTERROGATORY NO. 7 TO PRUDENTIAL:**

Describe the arrangement between Prudential Financial, Inc. and Assurance IQ, LLC concerning the creation, implementation, and maintenance of term.prudential.com.

**RESPONSE TO INTERROGATORY NO. 7 TO PRUDENTIAL:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein.  Defendant further objects to this Interrogatory to the extent it seeks any documents or information protected by the attorney-client privilege, the work-product doctrine, or any analogous privilege or protection from discovery. Defendant further objects that this Interrogatory is irrelevant, vague and ambiguous.

Subject to and without waiving all of its objections, Defendant responds as follows: Assurance IQ, LLC is a wholly owned subsidiary of Prudential Financial, Inc.  Assurance IQ, LLC had primary responsibility for the creation and maintenance of term.prudential.com.  Prudential Financial, Inc. employees collaborated with Assurance on the creation and implementation of term.prudential.com.

**INTERROGATORY NO. 8 TO PRUDENTIAL:**

Describe the arrangement between Prudential Financial, Inc. and Assurance IQ, LLC concerning the ownership of term.prudential.com, including the right to contact leads generated through its operation and collect commissions on sales to those leads.

1    **RESPONSE TO INTERROGATORY NO. 8 TO PRUDENTIAL**:

2    Defendant incorporates its Preliminary Statement, General Objections, and Objections to

3    Definitions and Instructions as if all were fully set forth herein.  Defendant further objects to this

4    Interrogatory to the extent it seeks any documents or information protected by the attorney-client

5    privilege, the work-product doctrine, or any analogous privilege or protection from discovery.

6    Defendant further objects that this Interrogatory is irrelevant, vague and ambiguous.

7    Subject to and without waiving all of its objections, Defendant responds as follows:  Both

8    Prudential Financial, Inc. and Assurance IQ, LLC have the right to contact leads generated

9    through term.prudential.com.  Neither Prudential nor Assurance sell leads generated through

10   term.prudential.com.

11   **INTERROGATORY NO. 9 TO PRUDENTIAL**:

12   State the number of individuals who entered a value in the "name" field of the

13   term.prudential.com webform using a browser with an IP address registered to California between

14   November 23, 2021 and December 13, 2022.

15   **RESPONSE TO INTERROGATORY NO. 9 TO PRUDENTIAL**:

16   Defendant incorporates its Preliminary Statement, General Objections, and Objections to

17   Definitions and Instructions as if all were fully set forth herein.  Defendant further objects to this

18   Interrogatory to the extent it seeks any documents or information protected by the attorney-client

19   privilege, the work-product doctrine, or any analogous privilege or protection from discovery.

20   Defendant further objects that this Interrogatory is irrelevant, vague and ambiguous.

21   Subject to and without waiving all of its objections, Defendant responds as follows:

22   According to Defendant's investigation, the number of individuals who entered a value in the

23   "name" field of the term.prudential.com website using a browser with an IP address registered to

24   California between November 23, 2021 and December 13, 2022 is 50,142.

25   **INTERROGATORY NO. 10 TO PRUDENTIAL**:

26   For the individuals identified in response to Interrogatory No. 9, state the number of those

27   individuals for whom the Database contains data in the field for a link to the associated

28   TrustedForm Certificate.

1    **RESPONSE TO INTERROGATORY NO. 10 TO PRUDENTIAL:**

2        Defendant incorporates its Preliminary Statement, General Objections, and Objections to

3    Definitions and Instructions as if all were fully set forth herein.  Defendant further objects to this

4    Interrogatory to the extent it seeks any documents or information protected by the attorney-client

5    privilege, the work-product doctrine, or any analogous privilege or protection from discovery.

6    Defendant further objects that this Interrogatory is irrelevant, vague and ambiguous.

7        Subject to and without waiving all of its objections, Defendant responds as follows:

8    According to Defendant's investigation, the number of individuals who entered a value in the

9    "name" field of the term.prudential.com website using a browser with an IP address registered to

10   California between November 23, 2021 and December 13, 2022 for whom the Database also

11   contains data in field for a link to the associated TrustedForm certificate is 49,457.

12                **RESPONSES TO INTERROGATORIES TO ACTIVEPROSPECT**

13           **INTERROGATORY NO. 3 TO ACTIVEPROSPECT:**

14       Describe the measures ActiveProspect takes, if any, to identify webform submissions by

15   bots or otherwise not submitted by a natural person on a website using TrustedForm.

16           **RESPONSE TO INTERROGATORY NO. 3 TO ACTIVEPROSPECT:**

17       Defendant incorporates its Preliminary Statement, General Objections, and Objections to

18   Definitions and Instructions as if all were fully set forth herein.  Defendant further objects to this

19   Interrogatory to the extent it seeks any documents or information protected by the attorney-client

20   privilege, the work-product doctrine, or any analogous privilege or protection from discovery.

21   Defendant further objects that this Interrogatory is vague and ambiguous, including because it

22   does not define the terms "webform submissions" and "bots," and "to receive a quote for life

23   insurance."  For purposes of this Interrogatory, Defendant construes "webform submissions" to

24   mean any data entry into the webform to request a life insurance quote on term.prudential.com.

25   Defendants construes "bots" to mean a software application that runs automated tasks on the

26   internet with the intent to imitate human activity.

27

28

Subject to and without waiving all of its objections, Defendant responds as follows: ActiveProspect did not take any measures to identify webform submissions by bots on websites using TrustedForm from February 23, 2021 to December 13, 2022.

**INTERROGATORY NO. 4 TO ACTIVEPROSPECT:**

State the number of unique TrustedForm Certificate ID numbers created between November 23, 2021 and December 13, 2022 for visitors to term.prudential.com using a browser with an IP address registered to California.

**RESPONSE TO INTERROGATORY NO. 4 TO ACTIVEPROSPECT:**

Defendant incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as if all were fully set forth herein.  Defendant further objects to this Interrogatory to the extent it seeks any documents or information protected by the attorney-client privilege, the work-product doctrine, or any analogous privilege or protection from discovery.

Subject to and without waiving all of its objections, Defendant responds as follows: according to Defendant's investigation, the number of unique TrustedForm Certificate ID numbers created between November 23, 2021 and December 13, 2022 for visitors to term.prudential.com using a browser with an IP address registered to California is 42,562.


DATED:  May 31, 2024                        MUNGER, TOLLES & OLSON LLP


                                            By: _____
                                                    */s/ Sidney M. Moskowitz*
                                                    SIDNEY M. MOSKOWITZ

                                            *Attorneys for Defendants*

Case 3:22-cv-07465-CRB    Document 66-18    Filed 06/28/24    Page 12 of 13

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the City and County of San Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, CA 94105-2907.

On May 31, 2024, I served true copies of the following document(s) described as the following:

### **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES (SET TWO)**

on the interested parties in this action as follows:

### **\*\* SEE ATTACHED SERVICE LIST \*\***

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address grace.davisfisher@mto.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 31, 2024, at San Francisco, California.

*/s/ Grace Davis Fisher*
Grace Davis Fisher
*grace.davisfisher@mto.com*

-10-                                                    No. 3:22-cv-07465-CRB
DEFENDANTS RESPONSES AND OBJECTIONS TO PLS.' INTERROGATORIES

1

<u>**SERVICE LIST**</u>

2
3
4
5
6
7

Adam E. Polk
Simon Seiver Grille
Nina Gliozzo
Girard Sharp LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Email: apolk@girardsharp.com
      sgrille@girardsharp.com
      ngliozzo@girardsharp.com

*Attorneys for Plaintiffs Tyrone Hazel, Roxane Evans, Valerie Torres, and Rhonda Hyman*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS RESPONSES AND OBJECTIONS TO PLS.' INTERROGATORIES