Dena C. Sharp (State Bar No. 245869)
dsharp@girardsharp.com
Simon S. Grille (State Bar No. 294914)
sgrille@girardsharp.com
Nina R. Gliozzo (State Bar No. 333569)
ngliozzo@girardsharp.com
Jordan Isern (State Bar No. 343159)
jisern@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Plaintiffs*

Kelly M. Klaus (State Bar No. 161091)
kelly.klaus@mto.com
Jonathan H. Blavin (State Bar No. 230269)
jonathan.blavin@mto.com
Grace Davis Fisher (State Bar No. 336732)
grace.DavisFisher@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Laura D. Smolowe (State Bar No. 263012)
laura.smolowe@mto.com
Sidney Eisner (State Bar No. 349400)
sidney.eisner@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VALERIE TORRES and RHONDA HYMAN, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>PRUDENTIAL FINANCIAL, INC., ACTIVEPROSPECT, INC., and ASSURANCE IQ, LLC,<br><br>          Defendants. | Case No. 3:22-cv-07465-CRB<br><br>**JOINT DISCOVERY LETTER REGARDING PRUDENTIAL'S AMENDED PRIVILEGE LOG**<br><br>**Judge:**     **Hon. Sallie Kim**<br>**Date:**      **TBD**<br>**Time:**      **TBD**<br>**Ctrm.:**     **C—15th Floor** |

**<u>Joint Letter</u>**

Dear Judge Kim:

The parties submit this Discovery Letter Brief regarding a dispute over the sufficiency of Defendant Prudential Financial Inc.'s amended privilege log. Lead trial counsel for all parties have met and conferred and complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing this joint letter.

By: */s/ Dena C. Sharp*
Dena C. Sharp (State Bar No. 245869)
**GIRARD SHARP LLP**

*Attorney for Plaintiffs and the Proposed Class*

By: */s/ Kelly M. Klaus*
Kelly M. Klaus (State Bar No. 161091)
**Munger, Tolles & Olson LLP**

*Attorney for Defendants Prudential Financial, Inc., ActiveProspect, Inc., and Assurance IQ, LLC*

**The Dispute and Relevant Factual Background**

Plaintiffs seek *in camera* review of a sample of twenty documents listed on Prudential's privilege log. On March 6, 2024, Prudential served its first privilege log. The parties met and conferred on April 18, 2024. On May 10, 2024, Prudential served a revised log (attached as Exhibit A[1]). The parties met and conferred again on September 18, 2024. Fact discovery closes December 18, 2024, and the pretrial conference and trial have not yet been scheduled.

**Plaintiffs' Position**

Prudential has withheld or redacted 41 documents responsive to Plaintiffs' document requests based on conclusory privilege assertions. On April 18, 2024, Plaintiffs requested that Prudential amend its privilege log and produce documents establishing the scope of work relating to a third party (Capco) included on many entries. Prudential subsequently served a revised log with many of the same deficiencies, and on June 26, 2024, confirmed that it would not produce the Capco statement of work "because it is not responsive to any RFPs." On August 9, 2024, Plaintiffs served discovery seeking those documents, and on September 9, 2024, Defendants objected and declined to produce any responsive documents.

Plaintiffs now seek *in camera* review of a sample of ten documents in each of two categories of deficiencies Plaintiffs have identified: (1) documents that include no attorney on the communication; and (2) communications with Capco, a third-party.[2] The withholding party bears

---

[1] Exhibit A is a further amended log Defendants served on September 20, 2024, correcting errors flagged in the parties' conferral, but it does not contain any changes to the disputed entries.
[2] **No Counsel**: PL-PRU0013-14, 0016-17, 0034, 0038, 0046, and 0048-51; **Capco**: PL-PRU0033, 0036-37, 0044, 0061, 0065-66, 0068, 0071, and 0073. For this sample, Plaintiffs have selected the first 10 entries in each category, deduplicating for entries that go to both issues and/or that appear to refer to the same redaction but in separate documents. While Plaintiffs address only a sample of entries, the same deficiencies appear in: PL-PRU0036-37, 0044, 0046, 0048-52, 0054, 0061-78, 0080-81, 0092, 0094 (no counsel); and PL-PRU0062-67, 0069, 0074-78, 0080-81, 0091, 0093 (Capco).

the burden to establish the privilege applies. *See Costco Wholesale Corp. v. Superior Ct.*, 47 Cal. 4th 725, 733, (2009).[3] A privilege log must thus "provide sufficient factual information for other parties to evaluate the merits" of a privilege claim. Cal. Civ. Proc. Code § 2031.240.

*No Counsel.* Numerous entries on Prudential's log do not include an attorney in the "to," "from," "cc," "author," or description fields and provide insufficient information to assess privilege. While Prudential does have a separate column titled "Relevant Attorney," and some entries include the name of an attorney in this column, the privilege log provides no means of assessing the scope or nature of the attorney's purported involvement in the communication. Prudential's privilege assertions thus fail to satisfy the elements of a privilege claim. *See United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir. 2009) ("[The withholding party] has the burden of establishing the relationship *and* the privileged nature of the communication."). Simply including a "Relevant Attorney"—without explaining the attorney's involvement where they are not listed in the "to," "from," "cc," or description fields—does not establish the communication was "in the course of" an attorney-client relationship. *See* Cal. Evid. Code § 952.

For many entries, moreover, the only "Relevant Attorney" listed is not an individual but simply "Prudential Law Department" or "Privacy Law Department." These entries do not identify a particular attorney who was involved, much less establish the privileged nature of the communication. *See Chubb & Son v. Superior Ct.*, 228 Cal. App. 4th 1094, 1104, 176 Cal. Rptr. 3d 389, 396 (2014) ("An analysis of the attorney-client privilege . . . must begin with an identification of the attorney, the client, and the communication sought to be protected."); *see also SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005) (ordering

---

[3] California privilege law governs this dispute because "federal jurisdiction is founded on the diversity of the parties pursuant to [CAFA.]" *Carlos Sanchez, etc. v. Sam's W., Inc. dba Sam's Club, etc.*, 2023 WL 11921737, at *5 (C.D. Cal. July 21, 2023) (collecting cases).

production where withholding party did not identify the "author or recipient of the document, nor is a specific attorney mentioned in the description"); *Baxter Healthcare Corp.*, 2008 WL 5214330 at *3 (ordering withholding party to produce documents where it did not identify an attorney involved); *MDR Hotels*, 2022 WL 20401310, at *1 (ordering party to produce documents without counsel as a recipient or author). These entries to not substantiate privilege.

Prudential's authority does not lead to a different conclusion. The log in *Kennis v. Metro. W. Asset Mgmt., LLC* did identify a particular attorney as a sender or recipient in most of the communications, and provided "a sufficiently detailed privilege description delineating . . . the manner in which legal advice was reflected in the communication (i.e., given directly or referenced)," including for the few entries without a named individual. 2018 WL 5274166, at *7 (C.D. Cal. June 11, 2018). Prudential, by contrast, lists no attorney in the "to," "from," "cc," or "author" fields, nor does Prudential describe how any attorney was involved. Plaintiffs do not challenge No Counsel entries where attorney participation can be determined from the unredacted portion of documents. *E.g.* PL-PRU0098 (redaction after "Legal and I").

**Capco.** Several log entries include communications shared with Capco, a third party technology consultancy firm hired by Prudential's *Marketing* Organization to onboard OneTrust, a privacy compliance platform, and operationalize compliance with the California Privacy Rights Act ("CPRA"). "[V]oluntarily disclosing privileged documents to third parties will generally destroy the privilege." *In re Pac. Pictures Cor*p., 679 F.3d 1121, 1126-27 (9th Cir. 2012); *accord Behunin v. Superior Ct.*, 9 Cal. App. 5th 833, 844 (2017). The burden is on Prudential to show that privilege was preserved, which occurs where "the disclosure was reasonably *necessary* to accomplish the client's purpose in consulting counsel." *Id.* at 844-85 (emphasis added).

Prudential has not established that its disclosures to Capco were "reasonably necessary to

accomplish" Prudential's "purpose in consulting counsel." *See Behunin*, 9 Cal. App. 5th at 844 (burden on proponent "to come forward with specific evidence explaining why confidentiality was not broken."). Prudential asserts, without evidence, that Capco was a "functional employee" of Prudential, citing federal case law. But federal law is "broader than . . . California law and does not require a finding the communication was reasonably necessary for the attorney to provide legal advice." *Id.* at 851. And even if the "functional employee" standard applies, it requires "a detailed factual showing that [each] consultant was responsible for a key corporate job, had a close working relationship with the company's principals on matters critical to the company's position in litigation, and possessed information possessed by no one else at the company." *Id.* at 852-53; *see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950381, at *5 (N.D. Cal. May 1, 2019) (withholding party must "discuss each individual [contractor] separately" because "the functional employee analysis is an individualized test"). Prudential has made no such showing. Critically, Prudential has not detailed what role Capco consultants played with respect to the legal advice. The majority of communications with Capco do not involve attorneys and appear to concern operational issues of regulatory compliance, rather than seek legal advice. *See Phillips v. C.R. Bard, Inc*., 290 F.R.D. 615, 630 (D. Nev. 2013) (communications on "how to apply with the law" do not trigger privilege unless primary purpose was to obtain legal advice); *City of Roseville Employees' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *11 (N.D. Cal. Aug. 3, 2022) ("[The] array of regulatory legislation confronting the modern corporation" do no give "a blank check to keep hidden any document . . . with counsel.").

**Final Proposed Compromise.** For the No Counsel entries, Plaintiffs asked Prudential to amend its privilege log, but the amended log had the same deficiencies. Plaintiffs narrowed the

challenged No Counsel entries from 55 to 38. For the Capco entries, Plaintiffs twice requested

Capco's statement of work to assess any third-party exception. Prudential declined to produce it.

**<u>Defendants' Position</u>**

*In camera* review "is an intrusion" on the privilege that "must be justified." *In re Grand*

*Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992). Plaintiffs fail to "show a factual basis"

that suffices "to support a reasonable, good faith belief" that inspection will show the documents

in issue are not privileged. *Id.* at 1075. Plaintiffs' request that the Court review documents

underlying a "sample" of the entries they challenge — 20 out of 41 log entries — is based on

erroneous legal propositions. Contrary to Plaintiffs' arguments: (1) the privilege holds when

agents hired to assist with legal compliance communicate with company lawyers about those

matters; (2) employees' questions for the company's "Law Department" are privileged even if an

in-house lawyer is not named; and (3) communications conveying a lawyer's advice are

privileged even if the lawyer is not on the "to," "from" or "cc" line.

The circumstances surrounding this motion do not indicate that Plaintiffs have a

reasonable, good faith belief the underlying documents are not privileged. Plaintiffs delayed

bringing this motion by more than four months. Plaintiffs did not consider the documents

important for class certification; they filed their motion without it. As for the merits, Plaintiffs

have sought to certify (and thus have interest) in just one claim: that Prudential's use of

TrustedForm software to document compliance with the Telephone Consumer Protection Act

("TCPA") violated the California Invasion of Privacy Act ("CIPA"). That claim turns on

technical issues about how TrustedForm operates.  Many of the communications here have been produced in redacted form—and Plaintiffs can see they have nothing to do with those issues.[4]

**The Communications with Capco Are Privileged**

Capco does regulatory consulting for financial services companies.  In 2022, Prudential hired Capco to help prepare for compliance with the 2023 California Privacy Rights Act ("CPRA").  Capco was to help implement the "OneTrust" consent-management platform on Prudential websites before CPRA took effect in January 2023.  Because the project involved statutory compliance, legal questions from time to time arose that required advice from lawyers.

Plaintiffs are wrong that including Capco in these communications destroyed privilege. Privilege applies when, as here, the company's agent has information the attorney needs to provide legal advice.  *Upjohn Co. v. United States*, 449 U.S. 383, 391 (1981) ("officers and agents . . . responsible for directing [a company's] actions in response to legal advice" frequently have "information needed by the corporation's lawyers") (cleaned up).  As Judge Tigar explained:  "[W]here a consultant performs work that is substantially intertwined with the subject matter of a corporation's legal concerns, and the consultant provides information to the corporation's attorney to aid the attorney in advising the corporate client, the privilege extends to the consultant as the corporation's functional employee."  *Schaeffer v. Gregory Village Partners, L.P.*, 2015 WL 166860, at *4 (N.D. Cal. Jan. 12, 2015).  That is this case.  Prudential hired Capco to help it comply with its CPRA obligations, and Capco's work thus was substantially intertwined with advice the lawyers were providing on compliance issues.

---

[4] Plaintiffs refer to a document request as evidence they tried to compromise.  Plaintiffs served an overbroad request for *all* documents reflecting the scope of *any* vendor's work related to the website.  Defendants properly objected.  Plaintiffs have not even asked to meet and confer on that request, much less moved to compel.

*In re Pac. Pictures Corp.*, 679 F.3d 1121 (9th Cir. 2012), just says "voluntarily disclosing privileged documents to third parties will generally destroy the privilege." *Id*. at 1126-27. That rule is subject to the exceptions, discussed above, that apply here. While Plaintiffs question whether the communications concern legal advice, the log descriptions show that is the case.[5]

**References to Prudential's "Privacy Law" and "Law" Departments Are Sufficiently Specific for the Privilege Log**

Plaintiffs are wrong that certain entries are insufficient because they identify the "Privacy Law Department" or "Prudential Law Department" in the "Relevant Attorney" column. The log does so because that is what is reflected *in the documents themselves*. *See, e.g.*, PL-PRU0067 (redaction before "Discuss with Privacy Law").

It is common in a big company for non-lawyers to say "legal department" when talking about legal advice. A log entry for such communications is sufficient if it refers either to a specific attorney "or to [the company's] legal department as the source or recipient of" the legal advice. *Kennis v. Metro. W. Asset Mgmt., LLC*, 2018 WL 5274166, at *7 & n.11 (C.D. Cal. June 11, 2018) (applying "holistic reasonableness analysis" to disclosures; citing *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005)). That is the case here.

*Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2008 WL 5214330 (N.D. Cal. Dec. 12, 2008), is inapposite. That defendant had over "800 log entries," many of which did "not identify either the sender or the recipient." *Id*. at *1. Here, Defendants listed an attorney or law department for each entry and described the advice without revealing its contents.

---

[5] See Ex. A (Defendants' log): "legal advice related to TCPA litigation" (PL-PRU0044).; "legal advice regarding cookie banners" (PL-PRU0069); "legal advice related to CIPA litigation" (PL-PRU0074); and "applicability of TCPA and the CPRA to the Pru Branded Path." (PL-PRU0078).

7

**The Privilege Applies to Documents Reflecting Legal Advice Even if the Lawyer Is Not a Sender or Recipient**

Plaintiffs challenge entries in which an attorney was the source of the legal advice but did not send or receive the communication.  *See, e.g.*,  PL-PRU0013 ("email chain requesting legal advice regarding applicability of CPRA"); PL-PRU0044 ("reflect[s] legal advice related to TCPA litigation").  But privilege extends to "communications between nonlegal employees in which the employees discuss or transmit legal advice given by counsel."  *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002); *Kennis*, 2018 WL 5274166, at *7 (privileged documents "may be transmitted between non-attorneys" so a company "may be properly informed of legal advice") (cleaned up).  Plaintiffs' own authority holds the same.  *See SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005) ("[i]n the case of a corporate client, privileged communications may be shared by non-attorney employees in order to relay information requested by attorneys").  Plaintiffs' other authorities ordered production only where the withholding party *did not identify any attorney* involved in the legal advice.  *MDR Hotels, LLC v. Dow Chem. Co.*, 2022 WL 20401310, at *1 (C.D. Cal. Aug. 2, 2022) (ordering production where "no author or recipient of the communication" was listed); *Baxter*, 2008 WL 5214330, at *1 (ordering production where defendant did not identify attorney involved in advice).  Here, Defendants identified a Relevant Attorney for each document.

**Final Proposed Compromise**

In response to Plaintiffs' stated concerns, Defendants downgraded certain documents and added additional detail.  Defendants cannot further compromise and still maintain privilege.